IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No. 19-CV-306-RBJ

**TONY BOYER**

      Plaintiff,

v.

**CELERITY SOLUTIONS GROUP, LLC.**

**DARA TRIBELHORN,**

      Defendants.

---

**RESPONSE TO PLAINTIFF'S MOTION FOR CONDITIONAL
CERTIFICATION AND APPROVAL OF NOTICE**

---

      Defendants Celerity Solutions Group, LLC ("Celerity") and Dara Tribelhorn, through counsel, Westerfield & Martin, LLC, submit the following Response to Plaintiff's Motion for Conditional Certification and Approval of Notice, and states as follows:

**INTRODUCTION**

      Plaintiff worked for Celerity for approximately six months from September of 2017 to February of 2018. He alleges he was underpaid, but he does not articulate even a basic calculation of the amount he was allegedly underpaid (that is, Plaintiff as yet is unable to state: "I was owed 'x' but I was only paid 'y'.") He is aware of no other employees who have complained about underpayment, nor is he aware of the production rate or compensation received by any other Celerity employee. Nonetheless, he now seeks conditional class certification under § 216(b) of

the Fair Labor Standards Act for a class going back three years.

First, the motion should be denied because Plaintiff's speculative, individualized allegations do not meet even the lenient "step-one" showing required to proceed on a class basis under the FLSA. Second, even if the showing is met, a certification of three years is not warranted because Plaintiff offers *nothing* in support of his contention.

## ARGUMENT

### I. The motion should be denied because Plaintiffs have not presented substantial evidence of class-wide FLSA violations.

As Plaintiff notes appropriately, the Tenth Circuit applies a two-step certification process for proposed collective actions under the FLSA. *See Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1105 (Cir. 2001). At the conditional certification stage, Plaintiff must present "substantial allegations" that he and other potential class members "were together the victims of a single decision, policy, or plan." *Id.* at 1102 (quoting *Vaszlavik v. Storage Tech. Corp.*, 175 F.R.D. 672, 678 (D. Colo. 1997) and *Bayles v. American Med. Response of Colo., Inc.*, 950 F. Supp. 1053, 1058 (D. Colo. 1996)). Plaintiff takes great pains to emphasize the leniency of this standard, but as even Plaintiff must acknowledge, there is still *a* threshold showing which should be met before a conditional class certification is granted.

For example, in *French v. La Cleaning Systems*, Civil. Action No. 16-277, (E.D. La. Jun. 14, 2016) the court declined to certify a proposed FLSA collective action where the allegations of FLSA violations were supported by not one but two alleged former employees. The court in *French* observed that that despite the liberality of the certification rules, "the Court declines to conditionally certify a collective action because the Court finds the record lacking in *substantial* allegations that potential members were together the *victims* of a single decision, policy, or plan." *Id.* (emphasis in original).

Plaintiff's request for conditional certification is supported almost exclusively by his own declaration. That declaration is devoid of any personal knowledge, or basis to believe, that other employees were underpaid as Plaintiff claims he was. Plaintiff avers that he signed an employment contract which he believed other employees signed as well (Ex. 1 ¶ 5), but he does not and cannot point to any provision in that contract which is illegal or indicative of an FLSA violation. Payment at a piece rate is expressly permitted under the FLSA, so long as the overall compensation is over the minimum wage. 29 U.S.C 207(g).

Plaintiff also declares that "[b]ased on [his] communication with Denise Vadnais, [he believes] other MTs performed similar job duties as [him] were paid in the same manner, were subject to similar production requirements and workloads, were not paid minimum wage for all hours worked, and worked unpaid overtime hours because of Defendant's policy not to pay its MTs in accordance with the number of hours worked." (Id. ¶ 22). This allegation, which forms the core of his argument that similarly situated employees exist, is vague and unilluminating. Plaintiff does not aver that Ms. Vadnais made specific admissions against Celerity's interests, as he certainly would have if he had any factual basis to do so. He simply asserts that "based on" his communications with her, he "believes" Celerity violated the FLSA for other employees.

Even if it true that other MTs "performed similar job duties" as him or were "subject to similar production requirements and workload," this does not relate to how much compensation they received for the performance of those duties. That Celerity paid other MTs "in the same manner" as him likewise does not tend to establish an FLSA violation, since payment at a piece rate is permitted under the statute.

This leaves the Court with the conclusory allegations that, based on some ill-defined communications with his supervisor, Plaintiff "believed" that other employees were not paid

minimum wage and worked unpaid overtime hours. Plaintiff's subjective belief, even in the form of a declaration, does not amount to a *substantial* allegation of a violation of the FLSA. Plaintiff does not and cannot identify *any* other Celerity employees who he can assert *may* have been underpaid. While Plaintiff's declaration insinuates that this was due to malfeasance on Celerity's part (*See* e.g. Ex. 1 ¶¶ 9 (stating that "to [him]" Defendants "conveyed the impression" that they wanted to "dissuade" MTs from communicating with one another), these conjectural averments have nothing to do with the claims he has brought in this action. Plaintiff has not alleged, for example, that he was subjected to unlawful retaliation, or that he was thwarted in attempts to engage in collective action under the National Labor Relations Act. Plaintiff has brought only two claims – for minimum wage violations and for overtime violations. (Doc. 1, Compl. ¶¶ 50–63). Taking his own claims of underpayment as true, nothing about them is inherently generalizable to his coworkers.

The analysis in *Turner v. Chipotle Mexican Grille, Inc.* 123 F. Supp. 3d 1300 (D. Colo. 2015) does not compel a different result. Plaintiff seeks conditional certification to bring a class action under 29 U.S.C § 216(b) to bring an action "for and in behalf of himself . . . and other employees similarly situated." The act, however, does not define "other employees similarly situated," nor does it set out specific procedures for the Court to determine whether putative co-plaintiffs are "similarly situated" to one another. *Thiessen*, 267 F.3d at 1102 (identifying this problem in the statute and discussing approaches courts had taken to addressing it). In *Thiessen*, the Tenth Circuit concluded it was appropriate to adopt an "ad hoc" approach to determine whether putative plaintiffs were similarly situated under § 216(b), but also noted that "there is little difference in the various approaches," which all "allow for consideration of the same or similar factors, and generally provide a district court with discretion to deny certification for trial

management reasons." *Id.* at 1105.

In *Turner*, the court criticized the two-step certification framework to the extent it would "[p]rohibit[] potential FLSA wage-claim party plaintiffs from joining as a collective because they do not meet the legal standards for discrimination claims." 123 F. Supp. 3d at 1309. The decision in this case, though, does not turn on whether to apply *Turner* or *Thiessen*, if indeed any conflict between them exists. Plaintiff seeks to marshal the authority of this Court to submit notices to additional potential claimants, about whom he knows nothing, in the hopes of expanding the size of this action and his counsel's potential recovery. For "trial management reasons" this Court has the discretion to deny that request where Plaintiff has failed to make even a minimum showing that other such claimants exist. *Thiessen*, 267 F.3d at 1102. He has failed to make that showing here, and the Court should deny his request.

## II. If conditional class certification is granted, it should not extend past the two-year statute of limitations.

Plaintiff requests conditional certification of a class of consisting of all MTs from February 7, 2016, to present. The statute of limitations for FLSA claims, however, is only two years unless the alleged violation is "willful". 29 U.S.C. § 255(a). A violation is willful only where "the employer 'knew or showed reckless disregard for the matter of whether its conduct was prohibited by the [FLSA].'" *Reich v. Monfort, Inc.*, 144 F.3d 1329, 1334 (10th Cir. 1998) (alteration in original) (quoting *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133, (1988)). "Acting only 'unreasonably' is insufficient—some degree of actual awareness is necessary." *Souryavong v. Lackawanna County*, 872 F.3d 122, 126 (3d Cir. 2017).

Plaintiff makes no showing that Defendants were aware of the FLSA violations he alleges. And, neither Plaintiff's Complaint nor his affidavit allege Celerity was aware of the alleged issues with his *own* pay, let alone those of other of its employees. Plaintiff worked for

Celerity from September 11, 2017 to March 28, 2019—just over six months. Plaintiff alleges only one time when he worked in excess of 40 hours per week, claiming he was underpaid for 2.5 hours of overtime for the week of December 10-16, 2017. Even then, he never that he was *required* to work overtime, nor does he allege that he complained to the Defendant about his overtime compensation, nor does he allege that he or anyone else ever brought any kind of overtime payment issue to Celerity's attention.

Plaintiff's allegation of willfulness rests on a series of inferences – that Celerity knew how much it was paying him, that the FLSA exists, and therefore Celerity must be acting intentionally or in reckless disregard of its statutory obligations. Even if these claims show that Celerity acted unreasonably, they do not show any degree of "actual awareness" of an FLSA violation sufficient to show willfulness. *See Mumby v. Pure Energy Services (USA), Inc.*, 636 F.3d 1266, 1270 (10th Cir. 2011) ("The court's operative inquiry focuses on the employer's diligence in the face of a statutory obligation, not on the employer's mere knowledge of relevant law."); *Pabst v. Okla. Gas & Elec. Co.*, 228 F.3d 1128, 1137 (10th Cir. 2000) (insufficient awareness of willfulness where law was fact-specific and employer operated on good-faith but mistaken belief its policies were lawful); *Souryavong* 872 F.3d at 126 (insufficient evidence of actual awareness where employees *had* presented overtime issues to employer which was generally aware of FLSA at all relevant times). To conclude otherwise effectively renders the willfulness requirement null, because the inferences Plaintiff relies upon would be available in every FLSA case.

Thus, if the Court grants conditional class certification, the class period should extend no further back in time than February 4, 2017, because any potential claims accruing prior to that point are time-barred.

## CONCLUSION

For the foregoing reasons, this Court should **DENY** Plaintiff's Motion, or, in the alternative, permit conditional certification only for a class of employees going back to February 7, 2017.

Dated: June 18, 2019

/s/ Logan R. Martin

Logan R. Martin
Counsel for Defendants

## CERTIFICATE OF SERVICE

I certify that on June 18, 2019 the foregoing **RESPONSE TO PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION AND APPROVAL OF NOTICE** was filed with the court and served via CM-ECF to the following:

Kevin J. Dolley, USDC No. 54132MO

LAW OFFICES OF KEVIN J. DOLLEY, LLC
2726 S. Brentwood Blvd.
St. Louis, MO 63144
(314)645-4100 (Telephone)
(314)736-8216 (Facsimile)
kevin@dolleylaw.com

Counsel for Plaintiff Tony Boyer                    /s/Logan R. Martin