IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-CV-00306

TONY BOYER,
Individually and on behalf of all others similarly situated,

    Plaintiff,

v.

CELERITY SOLUTIONS GROUP, LLC., *et al.*

    Defendants.

## PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR CONDITIONAL CERTIFICATION AND APPROVAL OF NOTICE

COMES NOW Plaintiff Tony Boyer ("Plaintiff" or "Boyer"), by and through undersigned counsel, and for Plaintiff's Reply in Support of Motion for Conditional Certification and Approval of Notice, states as follows:

**I.    Plaintiff Presented—and Defendants Offered Nothing to Refute—Substantial Allegations Regarding Defendants' Pay Scheme Violating the Overtime and Minimum Wage Requirements of the FLSA.**

Defendants argue Plaintiff did "not articulate even a basic calculation of the amount he was allegedly underpaid (that is, Plaintiff as yet is unable to state: 'I was owed "x" but I was only paid "y".')." (Doc. #19, p. 1). Defendant's argument misses the mark for several reasons.[1]

---

[1] As a threshold matter, Plaintiff need provide "'nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy or plan'" to warrant conditional certification. *Daugherty v. Encana Oil & Gas (USA), Inc.*, 838 F. Supp. 2d 1127, 1132 (D. Col. 2011) (citing *Thiessen v. General Elec. Cap. Corp.*, 267 F.3d 1095, 1105 (10th Cir. 2001)). "[T]he Court does not resolve factual disputes, decide substantive issues, or make credibility determinations" at the conditional certification stage. *Brayman v. KeyPoint Gov't Sol., Inc.*, No. 18-cv-0550, 2018 WL 5776373, at *4 (D. Col. Nov. 1, 2018) (citation omitted).

Here, Plaintiff presented substantial allegations that he and other MTs[2] are subject to Defendants' uniform and unlawful decision, policy or plan to pay MTs per line transcribed or edited without considering the number of hours worked and recorded by MTs. (Doc. #13, pp. 5-7, 12-13). This uniform pay policy or practice is self-evidently unlawful under the FLSA for two simple reasons:

(1) Defendants did not pay MTs <u>any</u> overtime premiums for hours worked in excess of forty (40) per workweek, where MTs recorded and reported these overtime hours worked to Defendants (*e.g.*, 2.5 overtime hours worked and reported by Plaintiff during the workweek of December 10-16, 2017, etc.); and

(2) Defendants did not calculate MTs' regular rate of pay for purposes of ensuring payment to them at or above applicable minimum wage rates (*i.e.*, never divided all hours worked by total remuneration to verify payment at or above minimum wage rates).

(Doc. #13, pp. 5-7, 12-13). In their Response, Defendants offered nothing to refute these basic facts, and do not otherwise contend work performed by MTs was exempt from the FLSA's timekeeping and pay requirements. (*See* Doc. #19). Conditional certification is warranted.

**II.    Plaintiff Provided Substantial Allegations Establishing A Common Policy or Plan Violating the FLSA.**

Defendants claim the Court should deny conditional certification because Plaintiff is "aware of no other employees who have complained about underpayment, nor is he aware of the production rate or compensation received by any other Celerity employee." (Doc. #19, p. 1). This is not the legal standard at conditional certification. (*See* Doc. #13, pp. 8-13); *see also Daugherty*, 838 F. Supp. 2d at 1133 (granting conditional certification "without expressing any opinion as to

---

[2] As used herein, "MTs" shall refer to the collective group for whom Plaintiff is seeking FLSA conditional certification—Medical Transcriptionists, Medical Transcriptionists/Editors, or those in other positions with similar job duties employed by either or both Defendants. (*See* Doc. #13, pp. 1-2 of 38).

whether discovery will identify any others who are similarly situated . . . or whether plaintiff's claims in this case have merit").³ Courts repeatedly reject such arguments because the *whole purpose of conditional certification is to notify other employees* who are similarly situated with respect to the alleged uniform and unlawful pay policy or practice. *See Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989); *Darrow v. WKRP Mgmt., LLC*, No. 09-cv-01613, 2012 WL 638119, at *2-3 (D. Col. Feb. 28, 2012) (collecting cases); *Renfro v. Spartan Computer Srvcs., Inc.*, 243 F.R.D. 431, 434-45 (D. Kan. 2007) (collecting cases).

Notably, Defendants do not factually contest Plaintiff's substantial allegation that Defendants pay all MTs in a common manner pursuant to a uniform employment contract setting their pay structure and terms. (*See* Doc. #13; Doc. #19). Instead, Defendants attempt resisting conditional certification with a misleading, partial, and bare statement of the law: "[p]ayment at a piece rate is expressly permitted under the FLSA, so long as the overall compensation is over the minimum wage." (Doc. #19, p. 3) (citing 29 U.S.C. § 207(g)) (emphasis added). "That [Defendants] paid other MTs 'in the same manner' as him . . . does not tend to establish an FLSA violation, since payment at a piece rate is permitted under the statute." (Doc. #19, p. 3).

Defendants' red herring arguments are both misleading and ignore Plaintiff's factual allegations. Defendants do not challenge the fact that they paid other MTs in a similar fashion pursuant to uniform employment contracts. Piece rate pay arrangements must ensure not only

---

³ Plaintiff is not required to demonstrate other MTs have complained to be granted conditional certification. *See, e.g.*, *Pivonka v. Board of Cty. Commrs. of Johnson Cty., Kansas*, No. 04-2598, 2005 WL 1799208, at *5 (D. Kan. July 27, 2005) (granting conditional certification to a collective group of Paramedics, Lieutenants, and Captains even though defendant argued Lieutenants and Captains "have shown no interest in joining in this lawsuit as opt-in plaintiffs"). In fact, Plaintiff provided substantial allegations showing Defendants dissuaded MTs from communicating with one another by providing no common online forums through which MTs could share transcription and editing tips. (Doc. #13, p. 4; Doc. #14-1, ¶¶ 7-8).

payment at or above the minimum wage rate, but also payment of an overtime premium rate on all hours worked in excess of forty in any given workweek, which Defendants never paid, despite having record and knowledge of this overtime work.[4] 29 U.S.C. § 207(g); 29 C.F.R. § 778.111. Defendants do not contend they paid Plaintiff or other MTs overtime premium rates on hours worked in excess of forty in any given workweek. Defendants do not contend they calculated MTs' regular rates of pay for purposes of ensuring payment at or above minimum wage rates. These undisputed facts justify conditional certification.

Defendants cited a single, unpublished opinion from the Eastern District of Louisiana to support their opposition to conditional certification—*French v. Louisiana Cleaning Systems, Inc.*, No. 16-277, 2016 WL 3275302 (E.D. La. June 15, 2016). (Doc. #19, p. 2). Defendants failed to analyze *French* in any meaningful detail or discuss why the case is persuasive or relevant here. (*See* Doc. #19, pp. 2-3). *French* is neither controlling nor apposite because the *French* plaintiff worked for the alleged employer two weeks and presented no "independent indicia" in support of the allegation that he and other vacuum salesmen were victims of a common policy to violate the FLSA. *French*, 2016 WL 3275302, at *4.

In contrast to *French*, Plaintiff's substantial allegations are not based solely upon his Declaration, but also Defendants' own admissions in their Joint Answer (Doc. #9) and the terms and conditions of employment set forth in MTs' uniform Offer of Employment and Employment Contracts.[5] (*See* Doc. #13, pp. 3-7, 12-13). Plaintiff worked for Defendants several months and

---

[4] Section 206 and the FLSA's accompanying regulations set forth the requirements applicable to piece rate pay arrangements in relation to ensuring payment of minimum wages. 29 U.S.C. § 206; 29 C.F.R. §§ 778.111, 778.417.

[5] Defendants do not dispute Plaintiff's allegation in his Declaration that the Offer of Employment and Employment Contracts "were offered to everybody" (*i.e.*, all MTs), according to Defendants' Transcription Coordinator Denise Vadnais. (*See generally* Doc. #19; *see also* Doc. #14-1, ¶ 5).

provided substantial allegations he and other MTs were deprived of both overtime pay and hourly pay commensurate with the minimum wage due to Defendants' policy of not considering MTs' number of hours worked when compensating them. (Doc. #13, pp. 6-7). Given Defendants' common policy and practice, this Court should grant conditional certification.

### III. Plaintiff's Proposed Three-Year Notice Period Is Appropriate.

Defendants claim Plaintiff did not adequately demonstrate Defendants' violations of the FLSA were "willful" because he made "no showing that Defendants were aware of the FLSA violations" and Plaintiff did not allege Defendants were aware of any issues with Plaintiff's or other MTs' pay. (Doc. #19, p. 5). Defendants stated, if this Court grants conditional certification, the class period should extend no further back in time than February 4, 2017 (*i.e.*, two years rather than three years prior to the filing of Plaintiff's Complaint). (Doc. #19, p. 6 of 7).

Defendants misconstrue the law concerning "willfulness" under the FLSA at the conditional certification stage. As a threshold matter, "willfulness 'go[es] to the merits of the case and not whether notice should be issued to potential claimants.'" *Hose v. Henry Indust., Inc.*, 49 F. Supp. 3d 906, 919 (D. Kan. 2014) (citation omitted) (collecting cases). Therefore, if this Court grants Plaintiff's motion, notice should be issued in the form requested by Plaintiff to all MTs working for either or both Defendants at any point three years prior to the filing of Plaintiff's Complaint through the present. *See id.*

Even if this Court analyzes "willfulness" at conditional certification, Plaintiff presents substantial evidence and allegations that Defendants willfully violated the FLSA. To establish a willful violation of the FLSA, Plaintiff is not required to show "Defendants were aware of the

---

Defendants' admissions concerning their uniform compensation and timekeeping policy in their Joint Answer are summarized in the Parties' Statement of Undisputed Facts featured in the Joint Proposed Scheduling Order. (*See* Doc. #12, pp. 4-7 of 14).

FLSA violations," but that Defendants "either [knew] or show[ed] reckless disregard for the matter of whether [their] conduct violated the statute." *Smith v. Keypoint Gov't. Sol., Inc.*, No. 15-cv-00865, 2016 WL 7324606, at *2 (D. Col. Dec. 16, 2016) (citing *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988)). Black letter law states non-exempt employees must be paid overtime at a premium rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 per seven-day workweek. *See, e.g.*, *Robertson v. Bd. of Cty. Comm'rs of Cty. of Morgan*, 78 F. Supp. 2d 1142, 1152 (D. Colo. 1999) (discussing 29 U.S.C. § 207). Here, Plaintiff provided substantial allegations Defendants willfully violated the FLSA by, among other things, not paying them any overtime premium rates on known and recorded overtime hours worked. (*See* Doc. #1, ¶¶ 35-36, 55-56, 61-62; Doc. #12, p. 6; Doc. #13, pp. 5-7; Doc. #14-1, ¶¶ 14-22).

## IV. Defendants Concede Plaintiff's Proposed Notice Is Proper.

Defendants did not contest or address the content of Plaintiff's proposed Notice and Consent Form (Doc. #13-3 and #13-4). (*See* Doc. #19). Accordingly, Plaintiff respectfully requests the Court enter an Order directing notice as Plaintiff proposed. (Doc. #13, pp. 13-15; Doc. #13-3; Doc. #13-4).

## CONCLUSION

WHEREFORE, Plaintiff Tony Boyer respectfully requests this Honorable Court enter an Order granting his Motion for Conditional Certification and Approval of Notice, and for such other and further relief as this Court deems just and proper under the circumstances.

Respectfully Submitted,


        */s/ Kevin J. Dolley*
Kevin J. Dolley, USDC No. 54132MO
LAW OFFICES OF KEVIN J. DOLLEY, LLC
2726 S. Brentwood Blvd.
St. Louis, MO 63144
Telephone: (314) 645-4100
Facsimile: (314) 736-6216
kevin@dolleylaw.com

*Attorney for Plaintiff Tony Boyer*
*and Those Similarly Situated*

## CERTIFICATE OF SERVICE

      I hereby certify that I have on July 1, 2019 served a true and accurate copy of the foregoing through the Court's CM/ECF system to the following:

Logan Martin
Westerfield & Martin, LLC
600 17th St.
Suite 2800, South Tower
Denver, CO 80202
Telephone: (303) 915-5002
Email: logan@westerfieldlaw.com

        */s/ Kevin J. Dolley*